UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK M. MEYER,

    Petitioner,                              Civil No. 03-71307-DT
                                            HONORABLE PAUL D. BORMAN
v.                                                UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Kirk M. Meyer, ("Petitioner"), presently confined at the Ojibway Correctional Facility in Marenisco, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, Petitioner challenges his conviction for kidnaping, M.C.L.A. 750.349; and second-degree criminal sexual conduct, M.C.L.A. 750.520c(1). For the reasons stated below, the petition for writ of habeas corpus is dismissed without prejudice.

**I. Background**

      Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court. Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals. *People v. Meyer,* No. 223399 (Mich.Ct.App. February 1, 2002). Petitioner's application for leave to appeal was rejected by the Michigan Supreme Court, because it was not timely filed within the fifty six day period for seeking leave to appeal

1

following the Michigan Court of Appeals' decision. [1]

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the same grounds that he raised with the Michigan Court of Appeals. Respondent has filed an answer, which this Court construes to be a motion to dismiss. *See e.g. Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

The instant petition is subject to dismissal because the claims have not been exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).

---

[1] *See* Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated July 25,2003 [Dkt. Entry # 26]; *See also* letters from Corbin R. Davis to petitioner, dated April 2, 2002 and April 29, 2002, attached to the petition for writ of habeas corpus.

In the present case, petitioner failed to present his claims to the Michigan Supreme Court. A state prisoner cannot obtain federal habeas relief unless he or she has completely exhausted his or her available state court remedies by presenting his or her claims to the state's highest court. *See Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001). Therefore, a habeas petitioner must present each issue to the state's highest court, even if the state's highest court only provides for discretionary appellate review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999); *Foster,* 159 F. Supp. 2d at 638. Because petitioner never presented his claims to the Michigan Supreme Court, the claims are unexhausted for purposes of federal habeas review.

In his petition for writ of habeas corpus, petitioner contends that his failure to file a timely application for leave to appeal with the Michigan Supreme Court was based upon the prison law librarian's refusal to make copies of his application for him, because of his indigency. It was not until petitioner was transferred to another facility that he was able to obtain free copies of his application for leave to appeal, but by that time, the deadline for filing his application for leave to appeal had lapsed.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa

1999).

As an initial matter, a prison official's failure to provide free postage or copying services is not grounds to excuse the exhaustion requirement, particularly where a habeas petitioner fails to show how burdensome it would have been to obtain the copying of his documents from other sources, such as from his state appellate attorney. *See Guyer v. Mazurkiewicz,* 636 F. Supp. 883, 884-85 (E.D. Pa. 1986). Moreover, a habeas petitioner cannot show that his available state remedies are ineffective simply by demonstrating that his access to one state remedy has been obstructed. *See Pidgeon v. Attorney General of State of N.Y.,* 655 F. Supp. 333, 335 (S.D.N.Y. 1987). Therefore, as long as petitioner has an available state court remedy for which to exhaust his claims, the mere fact that his attempts to exhaust his claims with the Michigan Supreme Court may have been impeded by the refusal by prison officials to make copies of his application for leave to appeal would not excuse him from exhausting his state court remedies. *See e.g. Cavanaugh v. State of Me.,* 88 F. Supp. 558, 559 (D. Me. 1950)(fact that warden failed to mail petitions for writ of error coram nobis and for writ of habeas corpus to state trial court did not excuse exhaustion requirement, where petitioner failed to seek further redress in the state courts).

Petitioner has an available state court remedy with which to exhaust his claims. Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment with the Genesee County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand

the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so.  Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also McCreary v. Smith,* 2005 WL 1349114, * 3 (E.D. Mich. May 25, 2005).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

           s/Paul D. Borman
           PAUL D. BORMAN
           UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2006

           CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 14, 2006.

           s/Denise Goodine
           Case Manager